# ARABELLA HAMBLETON SYMINGTON

*vs.*

# ADA G. HAM.

*Libel and slander: privileged communications; effect of lack of evidence of actual malice.*

Any communication made in good faith touching any matter in which the party making the communication has an interest or in reference to which he has a duty, whether legal, social or moral, if made to a person having a corresponding interest or duty, is qualifiedly privileged, and in order to sustain an action for slander under such circumstances the plaintiff must prove that the communication was inspired by actual malice.    p. 701

Whether the occasion on which the alleged defamatory statement was made was such as to render the communication a privileged one is for the court, as a matter of law, and the existence *vel non* of such malice should be submitted to the jury only when there is evidence tending to prove it.    p. 701

Any defense which shows a rightful occasion and an authorized motive removes the legal presumption of malice, and puts upon the plaintiff the necessity of showing express malice.

p. 701

In order to be privileged, a communication must be made upon a proper occasion, from a proper motive and must be based upon reasonable cause.    p. 701

In an action of slander, the evidence showed that the alleged defamatory statement was made by the defendant to the plaintiff in the assumed privacy of a dwelling; the plaintiff was the governess of the defendant's children, and the accusation related to a matter concerning the health both of the children and of the plaintiff; the plaintiff's evidence tending to show that the statement was in fact false and had been overheard by a third person, but there was no evidence that it was prompted by

improper motives or that the defendant made it out of ill-will or spite against the plaintiff; in the absence of such evidence, it was *held*, that, assuming the publication and the falsity of the charge, the plaintiff was not entitled to recover.          pp. 701-702

*Decided April 3rd, 1918.*

Appeal from the Baltimore City Court. (HEUISLER, J.) Where there was a judgment for the plaintiff for $500.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Henry H. Dinneen* (with whom was *W. Stuart Symington, Jr.,* on the brief), for the appellant.

*J. Cookman Boyd* (with whom were *Wm. Purnell Hall* and *Elmer H. Miller,* on the brief), for the appellee.

CONSTABLE, J., delivered the opinion of the Court, reversing the judgment below without a new trial, with costs.